# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| VICTORIA BURNLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| MISSISSIPPI GREEN OIL, LLC, | ) |
| THOMAS J. MOORE, III, and | ) |
| CHARLES T. HILL, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Victoria Burnley hereby files this verified complaint against Mississippi Green Oil, LLC ("MS Green"), Thomas J. Moore, III, and Charles T. Hill (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1. This is an action for violations of Securities and Exchange Commission regulations, torts and damages related to Plaintiffs' purchase of unregistered securities from Defendants and thirty (30) day loan of $200,000.00 to Defendants which has not been repaid.

## PARTIES

2. Victoria Burnley is an individual resident of the State of Georgia, specifically in Oconee County, Georgia. Ms. Burnley resides at 3831 Flat Rock Road, Watkinsville, Georgia, Oconee County, Georgia 30677. Ms. Burnley is subject to the jurisdiction of this Court and may be served by serving the undersigned.

3. Mississippi Green Oil, LLC is a limited liability company, organized under the laws of the State of Mississippi, with its principal office located at 178 Main Street, Suite 301, Biloxi, Harrison County, Mississippi 39530. Thomas J. Moore, III is believed to be the sole member of MS Green. MS Green may be served by serving its registered agent, Heather Holmes, at 52 Industrial Road, Prentiss, Prentiss County, Mississippi 39474.

4. Thomas J. Moore, III is an individual resident of the State of Mississippi, and may be served at his place of business located at 178 Main Street, Suite 301, Biloxi, Harrison County, Mississippi 39530, or at his place of residence, at 10054 Fountain Avenue, D'Iberville, Harrison County, Mississippi 39540.

5. Charles T. Hill is an individual resident of the State of Florida, and may be served at his place of residence at 5825 Collins Avenue, Unit 14-B, Miami, Miami-Dade County, Florida 33140.

## JURISDICTION AND VENUE

6. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different States from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Jurisdiction in this action is also proper in this Court pursuant to 17 C.F.R. 240.10b-5 through 15 U.S.C. § 78j, as this action involves a violation of the Federal Securities and Exchange Act (the, "Act").

8. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District and Division.

## FACTUAL BACKGROUND

9. MS Green was founded on December 30, 2020 to produce and sell medical grade marijuana for sale in, and potentially around, Mississippi.

10. Mr. Moore is the organizer and founding member of MS Green.

11. Mr. Hill is a colleague of Mr. Moore, and a member of MS Green.

12. Neither Mr. Moore, nor Mr. Hill holds any licensing under the Securities and Exchange Commission ("SEC"), including, but not limited to Series 7.

13. Ms. Burnley does not have a net worth in excess of $1,000,000.00.

14. Ms. Burnley does not meet the definition of an "Accredited Investor" in any form or manner pursuant to 17 C.F.R. § 230.501(a).

15. In February of 2023, MS Green had been sued by a third party for allegations strikingly similar to this suit in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023) for roughly $300,409.82.

16. In May of 2024, MS Green had been sued by a third party for allegations similar to this suit in *Konits v. Mississippi Green Oil, LLC*, No. 1:24-cv-02186-SDG before the Northern District of Georgia, Atlanta Division (2024) for roughly $300,000.00.

17. Ms. Burnley was not aware of the other suits at any time until recently, and only after she had "invested" with Defendants.

18. Defendants did not receive a medical marijuana license until June 15, 2023.

19. On August 8, 2023, a default judgment was entered in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023) awarding plaintiffs roughly $300,409.82.

20. Defendants did not disclose the suit or the default judgment to Ms. Burnley.

21. Defendants also did not disclose that they had not yet acquired a medical marijuana license at the time of "investment."

22. Defendants only sought an investment in the amount of $300,000.00, which mirrored the amount of the default judgment and was presumably designed to pay the default judgment.

23. Defendants never presented any private placement memorandum or any other disclosures required under the Act.

24. At the end of February of 2023, Defendants approached Ms. Burnley seeking an investment in MS Green in the amount of $300,000.00.

25. At the end of February of 2023 and throughout March of 2023, Defendants promised Ms. Burnley that if she invested $300,000.00 with MS Green, that her original investment would be repaid within thirty (30) days and that she would also receive an ownership interest in MS Green of one-percent (1.00%) with profits to be paid out on a quarterly basis.

26. On March 31, 2023, relying on these promises, Ms. Burnley wired Defendants $300,000.00 as an "investment" in MS Green.

27. Defendants accepted the $300,000.00.

28. No funds were repaid on April 30, 2023, as promised.

29. After the missed payment date, Ms. Burnley began a series of demands for repayment.

30. On January 2, 2024, Ms. Burnley messaged Mr. Moore seeking the promised wire of the $300,000.00 and quarterly distributions.

31. Mr. Moore responded that he had "had Covid but [would] help and make sure this is done."

32. The next day, Ms. Burnley again requested the money from by Mr. Moore via text message and Mr. Hill on a call.

33. The day after that, on January 4, 2024, Ms. Burnley texted Mr. Moore if there was any "progress on wires."

34. Mr. Moore ignored her and noted that he was traveling.

35. On January 13, 2024, Ms. Burnley contacted Mr. Moore again asking about the $300,000.00.

36. Mr. Moore responded "Vicki we have everything paying quarterly starting first quarter March 31 June October December," and that he "will definitely help" her.

37. Ms. Burnley followed up asking "is there a disbursement this we[d]n[e]sday?"

38. Mr. Moore rebuffed her again.

39. Ms. Burnley explained that her financial planning "was based on the payout schedule that [Mr. Hill] outlined."

40. Mr. Moore agreed to speak with her the next day on a call.

41. After that, there was a series of missed calls and messages.

42. Dozens of text messages from Ms. Burnley to Mr. Moore asking for a call or for updates on payment went unanswered.

43. On March 5, 2024, Ms. Burnley asked "[w]hy do you ignore me" but Mr. Moore even ignored that.

44. The next day, on March 6, 2024, Mr. Moore stated "Vicki I have been smashed I will make time for you."

45. No time was made.

46. On March 27, 2024, Mr. Moore stated "[p]ayouts on our schedule and we will talk."

47. This was in reference to the alleged March 31, 2024 payment.

48. It never came.

49. On April 17, 2024, Ms. Burnley asked "[w]hy have you abandoned me"?

50. Mr. Moore responded "[h]ave not my wife mother is having open heart."

51. The excuses and the ignoring of Ms. Burnley then became a repeating cycle through the present.

52. Defendants repeatedly made promises to return the entire $300,000.00 and assured Ms. Burnley that plants had been harvested and sold.

7

53. Every subsequent promised payment date came and went without any payment.

54. Ms. Burnley now sues for damages.

## COUNT I
## Unjust Enrichment

55. Ms. Burnley restates paragraphs 1-54 and incorporates said paragraphs herein by reference.

56. On March 31, 2023, Ms. Burnley wired Defendants $300,000.00.

57. Defendants received the $300,000.00.

58. Defendants received a benefit from the receipt of the $300,000.00.

59. Ms. Burnley did not receive any benefit whatsoever from Defendants in exchange for the $300,000.00.

60. Defendants retained the $300,000.00.

61. Defendants are liable to Ms. Burnley for unjust enrichment in the amount of at least $300,000.00.

## COUNT II
## Breach of Contract

62. Ms. Burnley restates paragraphs 1-61 and incorporates said paragraphs herein by reference.

63. At the end of February of 2023, the Parties agreed that if Ms. Burnley invested $300,000.00 with Defendants, Defendants would return of the full amount

of $300,000.00 within thirty (30) days, and issue a one-percent (1.00%) interest in MS Green to Ms. Burnley.

64. On March 31, 2023, Ms. Burnley wired $300,000.00 to Defendants.

65. To date, no portion of the $300,000.00 has been repaid.

66. To date, no shares of MS Green have been issued.

67. To date, no distribution have been made by MS Green to Ms. Burnley.

68. Ms. Burnley has complied with her end of the agreement.

69. Ms. Burnley has not breached the agreement in any way.

70. Defendants have failed to perform on every element of the agreement.

71. Defendants are liable to Ms. Burnley for breach of contract in the amount of at least $300,000.00 plus the value of the one-percent (1.00%) share of MS Green.

## COUNT III
### Violation of SEC Regulations
### 17 C.F.R. 240.10b-5 Through 15 U.S.C. § 78j

72. Ms. Burnley restates paragraphs 1-71 and incorporates said paragraphs herein by reference.

73. In February of 2023, Defendants pursued Ms. Burnley to invest in MS Green.

74. Ms. Burnley is not an Accredited Investor, and does not have a net worth of more than $1,000,000.00.

75. Defendants did not issue a private placement memorandum for the sale of security interest in MS Green.

76. No exception under 17 C.F.R. § 230.500 *et seq.* applies.

77. Based on repeated promises surrounding the viability of MS Green and the likelihood of repayment of her initial investment, Ms. Burnley decided to invest.

78. At the end of February of 2023, the Parties agreed that if Ms. Burnley invested $300,000.00 with Defendants, Defendants would return of the full amount of $300,000.00 within thirty (30) days, and issue a one-percent (1.00%) interest in MS Green to Ms. Burnley.

79. On March 31, 2023, Ms. Burnley wired $300,000.00 to Defendants.

80. To date, no portion of the $300,000.00 has been repaid.

81. To date, no shares of MS Green have been issued.

82. To date, no distributions have been made by MS Green to Ms. Burnley.

83. Ms. Burnley has complied with her end of the agreement.

84. Ms. Burnley has lost at least $300,000.00 as a result of Defendants knowing misrepresentations.

85. Defendants are liable to Ms. Burnley for violation of SEC Regulations pursuant to 17 C.F.R. 240.10b-5 by way of 15 U.S.C. § 78j in an amount to be determined at trial.

## COUNT IV
### Fraudulent Misrepresentation

86. Ms. Burnley restates paragraphs 1-85 and incorporates said paragraphs herein by reference.

87. At the end of February of 2023, Defendants approached Ms. Burnley seeking an investment in MS Green in the amount of $300,000.00.

88. During this process, Defendants promised Ms. Burnley that they would return her initial investment of $300,000.00 within thirty (30) days of her "investment," and a one-percent (1.00%) ownership interest in MS Green, with distributions to be paid out quarterly.

89. Defendants failed to disclose to Ms. Burnley that they had a default judgment against them for roughly the $300,000.00 that they sought from her for failure to meet obligations identical to those with which they were contracting with Ms. Burnley.

90. Defendants also failed to disclosure to Ms. Burnley that although the business was a medical marijuana production company, they did not yet have the licensing to do this.

91. Relying on these promises and omissions, on March 31, 2023, Ms. Burnley wired $300,000.00 to Defendants.

92. To date, no portion of the $300,000.00 has been repaid.

93. To date, no shares of MS Green have been issued.

94. To date, no distributions have been made by MS Green to Ms. Burnley.

95. Ms. Burnley has been damaged by her reasonable reliance on the promises of Defendants in the amount of at least her $300,000.00 "investment" and the loss of use of these funds.

96. Defendants are liable to Ms. Burnley for fraud in an amount to be determined at trial.

## COUNT V
### Attorneys' Fees

97. Ms. Burnley restates paragraphs 1-96 and incorporates said paragraphs herein by reference.

98. Ms. Burnley attempted to resolve this matter amicably.

99. Defendants have repeatedly rebuffed Ms. Burnley's ovations.

100. Ms. Burnley made formal demands, to which Defendants did not respond with any other than empty promises designed to kick the can.

101. Defendants refused to resolve this matter reasonably.

102. Defendants have been stubbornly litigious.

103. Ms. Burnley is entitled to attorneys' fees and costs for having to bring and maintain this action pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Burnley pray for judgment as requested above against Defendants and further request:

    a.    An award of damages as stated per this Complaint;

    b.    Incidental and consequential damages;

    c.    An award of attorneys' fees and costs in bringing and maintaining this action; and

    d.    Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Ms. Burnley requests a trial by jury on all issues so triable.

Respectfully submitted, this 14th day of November, 2024.

    FGP LAW, LLC

    /s/ Frank G. Podesta
    Frank G. Podesta
    Georgia Bar No. 496530
    fpodesta@fgplaw.com

    555 Sun Valley Drive
    Suite N-3
    Roswell, Georgia 30076
    678.677.5143 (voice)
    678.222.0123 (facsimile)
    *Attorneys for Victoria Burnley*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| VICTORIA BURNLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| MISSISSIPPI GREEN OIL, LLC, ) | |
| THOMAS J. MOORE, III, and ) | |
| CHARLES T. HILL, ) | |
| ) | |
| Defendants. ) | |

## VERIFICATION OF VERIFIED COMPLAINT

STATE OF GEORGIA    )
                                    )
COUNTY OF OCONEE )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Victoria Burnley, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

. This 14th day of November, 2024.

_____
Victoria Burnley

Sworn to and subscribed before me this
14th Day of November, 2024.

_____
Notary Public            (SEAL)
My commission expires: 8-10-27